MARK D. CAMPBELL (SBN 180528)
mcampbell@loeb.com
ULESES C. HENDERSON, JR. (SBN 225246)
uhenderson@loeb.com
LOEB & LOEB LLP
10100 Santa Monica Boulevard, Suite 2200
Los Angeles, California 90067-4120
Telephone:   310-282-2000
Facsimile:   310-282-2200

Attorneys for Defendant
WAL-MART STORES, INC.

BRENT H. BLAKELY (SBN 157292)
bblakely@blakelylawgrou.com
CINDY CHAN (SBN 247495)
cchan@blakelylawgroup.com
BLAKELY LAW GROUP
915 North Citrus Avenue
Hollywood, California 90038
Telephone:   (323) 464-7400
Facsimile:   (323) 464-7410

Attorneys for Plaintiff
QUIKSILVER, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUIKSILVER, INC., a Delaware Corporation,<br><br>　　　　　Plaintiff,<br><br>　　　vs.<br><br>WAL-MART STORES, INC., a Delaware Corporation; and DOES 1-10, inclusive,<br><br>　　　　　Defendants. | Case No.  CV08-01791 DSF (CWx)<br><br>Honorable Carla M. Woehrle<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>NOTE CHANGE MADE BY COURT AT PARAGRAPH 11 |

**Error! Unknown document property name.**

1    Defendant Wal-Mart Stores, Inc. and Plaintiff Quiksilver, Inc. hereby submit

2    this [Proposed] Stipulated Protective Order governing information and documents

3    disclosed in discovery in this action.

4    IT IS HEREBY STIPULATED between the parties that the following

5    procedures shall be adopted for the protection of documents and information that

6    any party deems to be proprietary and confidential and that may be produced during

7    discovery in this case:

8    1.      The parties may produce during discovery market research, information

9    regarding competitive standing, information regarding internal product

10   specifications and other information which they in good faith believe contains or

11   constitutes trade secrets or material non-public, competitively sensitive proprietary

12   or confidential information ("Confidential Information").  Confidential Information

13   is information which has not been made public and which concerns or relates to the

14   processes, operations, or to the production, sales, shipments, purchases, transfers,

15   identification of customers, inventories, amount or source of any income, profits,

16   losses, or expenditures of any persons, firm, partnership, corporation, or other

17   organization, the disclosure of which information may have the effect of causing

18   harm to the competitive position of the person, firm, partnership, corporation, or to

19   the organization from which the information was obtained.  The parties believe that

20   secrecy pursuant to this Order is in the public interest and that disclosure of

21   Confidential Information would cause serious harm, and desire that such

22   information be protected from unnecessary dissemination.

23   2.      This Order applies to documents produced by a party or witness,

24   responses to written discovery, including interrogatories, requests for admission and

25   subpoenas, and deposition testimony and exhibits thereto ("Discovery Materials").

26   3.      A party ("Designating Party") may designate Discovery Materials,

27   including those produced by third-party witnesses, as "Confidential  Information"

28   by:

Error! Unknown document property name.

Stipulated Protective Order
Case No. CV08-01791 DSF (CWx)

a.  Stamping or inscribing on each page of the pertinent Discovery Materials the words CONFIDENTIAL, CONFIDENTIAL-ATTORNEYS' EYES ONLY or CONFIDENTIAL-ATTORNEYS ONLY.

b.  Designating portions of a deposition or deposition exhibits either during the deposition or by written notice to the court reporter and all counsel of record within twenty (20) business days after the reporter sends the transcript or written notice that the transcript is available for review.  The court reporter shall be instructed to separately bind the Confidential Information portion and to mark the caption page of such portion CONFIDENTIAL, CONFIDENTIAL ATTORNEYS' EYES ONLY or CONFIDENTIAL-ATTORNEYS ONLY.

c.  Notifying all counsel in this case in writing of designation of any third-party Discovery Materials as CONFIDENTIAL, CONFIDENTIAL ATTORNEYS' EYES ONLY or CONFIDENTIAL-ATTORNEYS ONLY within thirty (30) days from the date the Designating Party has notice that the Discovery Materials have been produced.

4.  Information and materials designated CONFIDENTIAL, CONFIDENTIAL-ATTORNEYS' EYES ONLY or CONFIDENTIAL-ATTORNEYS ONLY that a party receives subject to the terms of this Order shall be used only for the purposes of prosecuting or defending this case.

5.  Information and materials designated CONFIDENTIAL may only be disclosed to:

a.  The parties in this case;

b.  The Court, Court clerks, deposition and trial reporters, counsel for the parties in the above-captioned Case No. CV08-01791 DSF

1  (CWx), and paraprofessional and secretarial employees of any of

2  the above in this subsection;

3      c.    Independent consultants or experts retained by any party in this

4          case who are expected to testify at trial or employed by counsel in

5          order to assist in preparation for trial or for deposition and who

6          are not directly employed by any party or under contract with any

7          party for any purpose other than this case, and who are not

8          competitors of any party or employed by a competitor of any

9          party;

10     d.    Third-party witnesses during the course of their depositions,

11         provided that (1) counsel for the designating party shall be

12         informed that the witness will be shown Confidential Information

13         before the designated information is shown to the witness, to give

14         counsel for the designating party an opportunity to object, and (2)

15         if an objection to showing the witness is made, the designated

16         information shall not be shown to the witness until the Court

17         rules on the objection.

18  Copies may be made by or for the foregoing persons, provided that all copies are

19  appropriately marked.

20     6.    Information and materials designated CONFIDENTIAL-

21  ATTORNEYS' EYES ONLY or CONFIDENTIAL-ATTORNEYS ONLY may

22  only be disclosed to:

23     a.    The Court, Court clerks, deposition and trial reporters, counsel

24         for the parties in the above-captioned Case No. CV08-01791 DSF

25         (CWx), and paraprofessional and secretarial employees of any of

26         the above in this subsection;

27     b.    Independent consultants or experts retained by any party in this

28         case who are expected to testify at trial or employed by counsel in

Error! Unknown document property name.

Stipulated Protective Order
Case No. CV08-01791 DSF (CWx)

1  order to assist in preparation for trial or for deposition and who
2  are not directly employed by any party or under contract with any
3  party for any purpose other than this case, and who are not
4  competitors of any party or employed by a competitor of any
5  party;

6     c. Third party witnesses during the course of their depositions,
7  provided that (1) counsel for the designating party shall be
8  informed that the witness will be shown Confidential Information
9  before the designated information is shown to the witness, to give
10  counsel for the designating party an opportunity to object, and (2)
11  if an objection to showing the witness is made, the designated
12  information shall not be shown to the witness until the Court
13  rules on the objection.

14  Copies may be made by or for the foregoing persons, provided that all copies are
15  appropriately marked.

16    7. No person or entity to whom information or materials designated
17  CONFIDENTIAL, CONFIDENTIAL-ATTORNEYS' EYES ONLY, or
18  CONFIDENTIAL-ATTORNEYS ONLY are disclosed shall discuss the information
19  or disclose it to any person or entity other than those listed above, or for any purpose
20  other than prosecution or defense of this case.

21    8. Before any information or materials designated CONFIDENTIAL,
22  CONFIDENTIAL-ATTORNEYS' EYES ONLY or CONFIDENTIAL-
23  ATTORNEYS ONLY are disclosed to any independent consultants, experts or third
24  party witnesses otherwise as allowed herein, such person or entity shall read this
25  Order and sign the Agreement which is attached hereto as Exhibit "A."

26    9. Nothing herein affects the producing party's use of information it has
27  designated CONFIDENTIAL, CONFIDENTIAL-ATTORNEYS' EYES ONLY or
28  CONFIDENTIAL-ATTORNEYS ONLY.

**Error! Unknown document property name.**

10.     All information and materials supplied by any party or witness which is not designated CONFIDENTIAL, CONFIDENTIAL-ATTORNEYS' EYES ONLY, or CONFIDENTIAL-ATTORNEYS ONLY pursuant to the terms of this Order may be used by any party without restriction.

11.     Any party seeking to file information or materials designated CONFIDENTIAL, CONFIDENTIAL-ATTORNEYS' EYES ONLY or CONFIDENTIAL-ATTORNEYS ONLY with the Court shall **seek leave to** file such material, in accordance with the requirements of Local Rule 79-5, in a sealed envelope or other container bearing the words CONFIDENTIAL, CONFIDENTIAL-ATTORNEYS' EYES ONLY or CONFIDENTIAL-ATTORNEYS ONLY to be kept in a safe and secure place and not in files open to public inspection.  The envelope or other container shall bear the title of the action and a statement substantially in the following form:

> "This envelope contains documents and/or information which are subject to a Stipulated Protective Order. This envelope is not to be opened except by the Court."

12.     No party shall be bound by this Order as to any information or materials:

a.      Which it lawfully possessed in a writing prior to production of it in this action; or

b.      Which is generally known to the public.

If the receiving party believes that it is not bound by this Order respecting information designated CONFIDENTIAL, CONFIDENTIAL-ATTORNEYS' EYES ONLY, or CONFIDENTIAL-ATTORNEYS ONLY, it shall give notice to the Designating Party at least 45 days before the receiving party uses or discloses such information in a manner that would be prohibited by this Order, to enable the Designating Party to contest the receiving party's unrestricted use through a motion or application to the Court.

13.     This Order is without prejudice to the right of any party to apply to the Court for a determination, for good cause shown, that: (a) purported Confidential Information is not in fact confidential, (b) persons not provided for in this Order may or may not receive Confidential Information, or (c) this Order be modified in any manner or vacated.  An application for relief pursuant to this section shall be made only after reasonable efforts to meet and confer in good faith have been unsuccessful.

14.     This Order shall remain in effect after the conclusion of this case and the Court shall retain jurisdiction to enforce its terms and to prevent or punish violations of it.

15.     Within 30 days after final termination of this case either by consensual dismissal with prejudice, after final appellate review has been obtained, or after the time for appeal has lapsed without the filing of an appeal by either of the parties, all materials and copies containing information designated CONFIDENTIAL, CONFIDENTIAL-ATTORNEYS' EYES ONLY or CONFIDENTIAL-ATTORNEYS ONLY shall be returned to the party producing such information, together with any and all summaries, abstracts, notations and compilations containing any Confidential Information.  In the alternative, within 30 days after final termination of this case, such materials and copies may be shredded or disposed of in a manner to assure the destruction thereof and declaration certifying such destruction or disposal shall be provided to the party producing such information.  Notwithstanding the above, one copy of the files in this case may be retained by counsel of record for each party, subject to the terms of this Order.

/ / /
/ / /
/ / /
/ / /
/ / /

**Error! Unknown document property name.**

1    16.    In any action or proceeding arising from or relating to this Stipulated

2 Protective Order, the prevailing party shall be entitled to recover its reasonable

3 attorneys' fees and costs, without limiting any other relief that may be available.

4

5

6 Dated:  August 27, 2008                    LOEB & LOEB LLP

7                                                            MARK D. CAMPBELL
                                                              ULESES C. HENDERSON, JR.
8

9                                                            By:_____
                                                                    Uleses C. Henderson, Jr.
10                                                                  Attorneys for Defendant
                                                                    WAL-MART STORES, INC.
11

12 Dated:  August 27, 2008                   BLAKELY LAW GROUP

13                                                           BRENT H. BLAKELY
                                                              CINDY CHAN
14

15                                                           By:_____
16                                                                  Brent H. Blakely
                                                                    Attorneys for Plaintiff
17                                                                  QUIKSILVER, INC.

18

19                                            * * * * * *

20                                            ORDER

21 **IT IS SO ORDERED**.

22

23

24 Dated: August 27, 2008_____.              _____/S/_____
25                                                            Hon. Carla M. Woehrle
                                                              U.S. Magistrate Judge
26

27

28

**Error! Unknown document property name.**

## EXHIBIT "A"

1.      My name is _____. I live at

_____  _____.

2.      I have read the Stipulated Protective Order entered by the Court in the matter

of <u>Quiksilver, Inc. v. Wal-Mart Stores, Inc.</u>, United States District Court Case No.

CV 08-01791 DSF (CWx) (the "Order").  I understand the responsibilities and

obligations the Order imposes on persons viewing the material encompassed by the

Order.  Pursuant to the Order, I hereby agree to be bound by all the provisions

thereof, so as to enable me to view the material encompassed by the Order.

_____

NAME

**Error! Unknown document property name.**

Stipulated Protective Order
Case No. CV08-01791 DSF (CWx)