1  Brent H. Blakely (SBN 157292)
   bblakely@blakelylawgroup.com
2  Cindy Chan (SBN 247495)
   cchan@blakelylawgroup.com
3  BLAKELY LAW GROUP
   915 North Citrus Avenue
4  Hollywood, California 90038
   Telephone: (323) 464-7400
5  Facsimile: (323) 464-7410

6  **Attorneys for Plaintiff Quiksilver, Inc.**

7

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10

11 QUIKSILVER, INC.,                    ) CASE NO. CV 08-1791 DSF (CWx)
                                        )
12                    Plaintiff,        ) **ORDER RE CONSENT JUDGMENT**
                                        ) **INCLUDING A PERMANENT**
13       vs.                            ) **INJUNCTION; VOLUNTARY**
                                        ) **DISMISSAL WITH PREJUDICE AS**
14 WAL-MART STORES, INC., et al.,       ) **TO DEFENDANT KORY**
                                        ) **MERCANTILE CO.**
15                    Defendant.        )
                                        )
16                                      )
                                        )
17                                      )

18       Plaintiff Quiksilver, Inc. ("Plaintiff" or "Quiksilver") and Defendant Kory

19 Mercantile Co. ("Defendant") have entered into a Settlement Agreement and Mutual

20 Release as to the claims in the above referenced matter.  Defendant, having agreed to

21 consent to the below terms, it is hereby:

22       ORDERED, ADJUDGED, and DECREED as among the parties hereto that:

23       1.   This Court has jurisdiction over the parties to this Final Judgment and has

24 jurisdiction over the subject matter hereof pursuant to 15 U.S.C. § 1121.

25       2.   Quiksilver is the owner of the world-famous word/mark "Quiksilver."  On

26 April 11, 1967, the Quiksilver mark was registered on the Principal Register of the

27 United States Patent & Trademark Office as Registration No. 827212, for "Men's

28 clothing namely, suits, jackets, topcoats, trousers, and sport coats."  Subsequent

thereto, Quiksilver has registered the Quiksilver mark and a variety of other marks, including the Mountain and Wave design logo, on merchandise ranging from luggage, watches and jewelry, sunglasses, swimwear, and all other varieties of men's and women's clothing and footwear (collectively "Quiksilver Marks").

3. In addition to the trademark registrations, the "Quiksilver Mountain and Wave" logo (below) is a copyrighted design with U.S. Copyright Registration Nos. VA 1088115 and VA 1088246.



4. In or around July 1997, Quiksilver registered the ROXY Heart Device which is made up of two mirror Quiksilver Mountain and Wave logos. The word/mark "Roxy" and the Roxy Rounded Heart Device were registered thereafter. Quiksilver's Roxy Marks include, but are not limited to the following marks:

| Mark | Reg. No. | Reg. Date |
|---|---|---|
| ROXY | 2919733 | 1/18/05 |
| | 2427898 | 2/13/01 |
| | 2225688 | 2/23/99 |
| | 2228883 | 3/2/99 |
| | 2255435 | 6/22/99 |
| | 2297591 | 12/7/99 |
| | 2375481 | 8/8/00 |
| | 2474406 | 7/31/01 |
| | 2714839 | 5/13/03 |
| | 2809462 | 1/27/04 |
| | 2,851,891 | 6/8/04 |
| | 2858806 | 6/29/04 |

| Mark | Reg. No. | Reg. Date |
|---|---|---|
|  | 2,988,186 | 8/23/05 |
|  | 2,992,120 | 9/6/05 |
|  | 3298684 | 9/25/07 |
| (Roxy Heart Device) | 2978299 | 7/26/05 |
|  | 2907184 | 11/30/04 |
|  | 2081099 | 7/22/97 |
|  | 2220442 | 1/26/99 |
|  | 2765669 | 9/16/03 |
|  | 2855019 | 6/15/04 |
|  | 2902220 | 11/9/04 |
|  | 2960713 | 6/7/05 |
|  | 3048901 | 1/24/06 |
|  | 3207330 | 2/13/07 |
| (Roxy Rounded Heart Device) | 2978299 | 7/26/05 |

5. Plaintiff has alleged that Defendant's purchase and sale of goods bearing piratical copies of Plaintiff's Roxy Marks constitutes trademark infringement under the Lanham Act and copyright infringement and unfair competition under the Copyright Laws, 17 U.S.C. § 501, et seq and under the common law.

6. Defendant and its agents, servants, employees and all persons in active concert and participation with it who receive actual notice of this Final Judgment are hereby permanently restrained and enjoined from infringing upon Quiksilver's registered copyrights and trademarks, specifically the Roxy Marks, either directly or contributorily, in any manner, including generally, but not limited to manufacturing,

1  importing, distributing, advertising, selling and/or offering for sale any unauthorized
2  product bearing the Roxy Marks, or marks confusingly similar or substantially similar
3  to the Roxy Marks, and, specifically from:
4      (a)  using the Roxy Marks or any reproduction, counterfeit, copy or
5  colorable imitation of the Roxy Marks in connection with the manufacture,
6  importation, distribution, advertisement, offer for sale and/or sale of merchandise
7  comprising not the genuine products of Quiksilver, or in any manner likely to cause
8  others to believe that the Counterfeit Products are connected with Quiksilver or
9  Quiksilver's genuine merchandise bearing the Roxy Marks;
10     (b)  passing off, inducing or enabling others to sell or pass off any
11 products or other items that are not Quiksilver's genuine merchandise as and for
12 Quiksilver's genuine merchandise;
13     (c)  committing any other acts calculated to cause purchasers to believe
14 that Defendant's products are Quiksilver's genuine merchandise unless they are such;
15 and
16     (d)  shipping, delivering, holding for sale, distributing, returning,
17 transferring or otherwise moving, storing or disposing of in any manner items falsely
18 bearing the Roxy Marks, or any reproduction, counterfeit, copy or colorable imitation
19 of same.
20     7.  Without any admission of liability, the parties have agreed that Defendant
21 shall pay to Plaintiff an amount in settlement of Plaintiff's demand for damages,
22 profits, costs, disbursements, and attorneys' fees based upon Defendant's alleged
23 infringing activities.  Plaintiff and Defendant shall bear their own costs associated with
24 this action.
25     8.  The execution of this Final Judgment by Counsel for the parties shall
26 serve to bind and obligate the parties hereto.
27     9.  The jurisdiction of this Court is retained for the purpose of making any
28 further orders necessary or proper for the construction or modification of this Final

4

[PROPOSED] ORDER GRANTING CONSENT JUDGMENT INCLUDING A PERMANENT INJUNCTION AND VOLUNTARY
DISMISSAL OF DEFENDANT KORY MERCANTILE CO.

Judgment, the enforcement thereof and the punishment of any violations thereof. Except as otherwise provided herein, this action is fully resolved with prejudice as to Defendant Kory Mercantile Co.

8.   This Final Judgment shall be deemed to have been served upon Defendant at the time of its execution by the Court.

**IT IS SO ORDERED.**

DATED:  6/4/09         _____
                              HON. DALE S. FISCHER
                              **United States District Judge**

Respectfully Submitted by:
BLAKELY LAW GROUP

By:    /s/ Cindy Chan_____
         Cindy Chan
         *Attorneys for Plaintiff*
         *Quiksilver, Inc.*

5

[PROPOSED] ORDER GRANTING CONSENT JUDGMENT INCLUDING A PERMANENT INJUNCTION AND VOLUNTARY DISMISSAL OF DEFENDANT KORY MERCANTILE CO.